Albert L. Sivley v. Madison County Appraisal District, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-208-CV

     ALBERT L. SIVLEY,
                                                                         Appellant
     v.

     MADISON COUNTY
     APPRAISAL DISTRICT, ET AL,
                                                                         Appellees
 

From the 278th District Court
Madison County, Texas
Trial Court # 7733
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Albert Sivley appeals from a judgment resulting in the foreclosure of a tax lien against his
real property for failing to pay delinquent ad valorem taxes. We will affirm.
      Madisonville Consolidated Independent School District, Madison County Education
District, the City of Madisonville, and Madison County (collectively the Appellees) brought
this action in an effort to foreclose on property to recover approximately $13,000 in delinquent
taxes (including penalties). Sivley complains pro-se, asserting a “two part question” on
appeal:
      (1)  Legal standing of appellant’s name, head of house, business executive, and estate
executive?
 
      (2)  Limitation time for property tax, five years in general, four years in Texas? Ten
years for abandonment? Limitation of sale for debt of a homestead?

We interpret part one as a challenge against the judgment because the property in question is
Sivley’s homestead. We read part two as a claim that the statute of limitations barred the
proceeding. He also asserts in his statement of facts that he did not have adequate notice of the
hearing and, therefore, did not appear. Sivley does not challenge the assertion that he has not
paid his taxes. He says that this appeal is brought “to stop the fraud and reduce the tax to a
fair number of years, past due. Of course it is (also) to stop the sale or division of the
homestead.” He admits that he has not paid his taxes for over ten years. We will address the
questions of proper notice, homestead, and limitations.
Notice
      The record reflects that Sivley was personally served a citation with the petition attached
on March 28, 1995. He never filed an answer. On June 30, 1999, Sivley received notice that
the cause was set for trial on Monday, July 12 at 9:00 a.m. Sivley admits that he stood outside
the courthouse during the hearing, but never went inside. He never complained to the trial
court that he did not receive adequate notice of the hearing. Thus, this complaint has not been
preserved for appellate review. See State Farm Fire & Casualty Co. v. Price, 845 S.W.2d
427, 431-32 (Tex. App.—Amarillo 1992, writ dism’d).
 
 
Homestead
      Sivley alleges that the property which is the subject of this suit is not subject to foreclosure
for liens for ad valorem taxes because it is his homestead. However, a homestead is not 
protected from forced sale for the payment of debt when the debt is for purchase money on the
homestead, for work and materials used to construct improvements on the homestead property,
or for unpaid taxes. Laster v. First Huntsville Properties, 826 S.W.2d 125, 129 (Tex. 1991)
(citing Tex. Const. art. XVI § 50; Tex. Prop. Code Ann. § 41.002 (Vernon Supp. 2000)). 
The court did not err in entering a judgment foreclosing on this property on the basis that it is
Sivley’s homestead.
Statute of Limitations
      The evidence shows that Sivley has not paid ad valorem taxes since 1986. Tax Code
section 33.05 provides:
      (a) Personal property may not be seized and a suit may not be filed:
 
(1) to collect a tax on personal property that has been delinquent more than four years;
or
 
(2) to collect a tax on real property that has been delinquent more than 20 years. 
 
(b) A tax delinquent for more than the limitation period prescribed by this section and any
penalty and interest on the tax is presumed paid unless a suit to collect the tax is pending.
 
(c) If there is no pending litigation concerning the delinquent tax at the time of the
cancellation and removal, the collector for a taxing unit shall cancel and remove from
the delinquent tax roll:

            (1) a tax on real property that has been delinquent for more than 20 years;

            (2) a tax on personal property that has been delinquent for more than 10 years; and
 
            (3) a tax on real property that has been delinquent for more than 10 years if
the property has been owned for at least the preceding eight years by a home-rule municipality in a county with a population of more than two million.

Tex. Tax Code Ann. § 33.05 (Vernon Supp. 2000). Thus, the statute of limitations for
collecting delinquent ad valorem taxes assessed against real property is twenty years. This
judgment is for taxes at most 13 years delinquent. The statute of limitations does not bar this
proceeding.
      The judgment of the trial court is affirmed.



                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed June 28, 2000
Do not publish                                             



"font-family: 'CG Times', serif">      Early that morning, Jewell called Dr. Key's office because Russell's condition had worsened. 
Dr. Key returned the call around noon. Jewell again called Dr. Key at approximately 6:30
P.M.and informed him that Russell was pale, cold, sweaty, and had chest pain. Dr. Key
recommended hospitalization. 
      Later, Jewell called Dr. Key at his home and again repeated Russell's symptoms. Dr. Key
recommended that she take him to the emergency room. When Jewell said that Russell was to
weak to go to the hospital, Dr. Key suggested an ambulance.
      At this time, Jewell lost faith in Dr. Key and called a friend about finding another doctor. 
Jewell got the friend's answering machine and, by the time the call was returned, Russell had died.
      All points have been overruled and we affirm the judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 27, 1992
Do not publish